IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER ANTHONY DE FEO,<br>Plaintiff, | :<br>:<br>: |
| v. | :    CIVL ACTION NO. 19-CV-4912 |
| ESQUIRE ROBERT B. EYRE,<br>Defendant. | :<br>:<br>: |

FILED
OCT 31 2019
KATE BARKMAN, Clerk
By_____Dep. Clerk

MEMORANDUM

JONES, J.                                                OCTOBER 31, 2019

Plaintiff Peter Anthony DeFeo brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, against Robert B. Eyre, Esquire, an attorney. (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant DeFeo leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice.

I.     **FACTS**

DeFeo used the Court's preprinted form Complaint. Therein, he alleges that the events giving rise to his claim occurred on October 31, 2017, though he also suggests that they took place from 2010 through October 31, 2017. (ECF No. 2 at 3.)[1] Rather than describing the events giving rise to his claim in narrative form, he references a December 12, 2017 Media Borough Police Department Complaint Report which purports to reflect that, on that date, DeFeo called in a report that his attorney had stolen money from him; the Report is attached to the form Complaint. (*Id.* at 3, 6.) DeFeo also references 23 additional pages of attachments to his form Complaint. (*Id.* at 3, 7-29). In support of his claim, DeFeo states only: "Media District Attorney

---

[1] The Court adopts the pagination assigned by the CM-ECF docketing system.

lost it 3 months later gave them a copy of same report, called and took trips to the DA's Office. Horable [sic] runaround." (*Id.* at 3.)

The attachments to the Complaint appear to reflect a series of financial transactions, specifically, disbursements from the escrow account of Froehl & Eyre in late 2012. January 15, 2013 correspondence from Defendant Eyre to DeFeo (identified as the Managing Member of Creek Road Funding, LLC) summarizes the transactions as follows:

> Dear Peter:
>
> You requested information concerning certain disbursements made on behalf of Creek Road Funding, LLC ("Creek Road") from our Escrow Account – specifically, verification of the disbursements we made on behalf of Creek Road from funds held in our CitiBank Escrow Account.
>
> By way of background, as of August 6, 2012, we held $300,000 in our Escrow Account for the benefit of Creek Road. Creek Road desired to loan certain of these funds to Scimeca Corporation.
>
> A new account was opened at PNC Bank on August 8, 2012 with the deposit of certified check in the amount of $250,000 drawn on our CitiBank Escrow Account. A copy of the CitiBank check and PNC deposit ticket are enclosed.
>
> PNC would not allow Creek Road to write checks on those funds in time for Creek Road to make a critical advance to Scimeca to pay its secured creditor, Ciena. In order to fund that payment, I wrote a separate check in the amount of $20,000 from our Escrow Account payable to you, on August 9, 2012 and delivered it that same morning to Scimeca's counsel, Roger Ashodian, Esquire, at the United States Bankruptcy Court in Philadelphia. A copy of this check is enclosed. I understand it was used to make the payment to Ciena.
>
> On August 16, 2012, per your instructions, I wrote a check in the amount of $12,409.33 payable to Creek Road, and deposited it the same day in Creek Road's PNC account. I understand this was to be used to fund an advance to Scimeca to pay the legal fees of Roger Ashodian's firm on behalf of Scimeca. A copy of that check is also enclosed.
>
> Very truly yours,
>
> /s/
> Robert B. Eyre, Esquire

2

(*Id.* at 10-11.) The remainder of the attachments are a series of e-mails dating to late 2012 which appear to relate to the transactions described in the Eyre letter. (*See id.* at 12-29.) Handwritten notes appear on virtually all of the attachments. (*See id.* at 10-29.)

## II.  STANDARD OF REVIEW

The Court will grant DeFeo leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As DeFeo is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See*

3

*Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III. DISCUSSION

The Complaint, as presented, suffers from a host of deficiencies. Most critical – and fatal to his claim – is De Feo's inability to state any basis for a federal claim. He purports to state a civil rights claim based upon Defendant Eyre's alleged forgery, misuse of escrow funds, deception, deceit and what this Court will construe as negligence. (ECF No. 2 at 2.) However, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). DeFeo cannot maintain his constitutional claim against attorney Eyre, because "[p]rivate attorneys . . . acting on behalf of their clients are not state actors, and therefore, cannot be held liable under § 1983." *Coudriet v. Vardaro*, 545 F. App'x 99, 103 (3d Cir. 2013) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *see also Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (holding that "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.")). Thus, the Court must dismiss DeFeo's § 1983 claim for failure to state a claim.

To the extent DeFeo purports to allege a state law legal malpractice claim against Eyre, this Court lacks subject matter jurisdiction over such a claim. The only independent basis for the Court's jurisdiction over state law claims is diversity jurisdiction pursuant to 28 U.S.C. § 1332, which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and where the parties are

4

diverse in citizenship, for example, where the parties are citizens of different states. "Complete diversity," as required by § 1332, requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). As alleged, however, both DeFeo and Eyre are citizens of Pennsylvania. (ECF No. 2 at 2.) Accordingly, this Court may not exercise jurisdiction over any state law claim DeFeo may seek to assert.[2]

## IV. CONCLUSION

For the foregoing reasons, the Court will grant DeFeo leave to proceed *in forma pauperis* and dismiss his Complaint. DeFeo will not be permitted to file an amended complaint because

---

[2] The Complaint is also subject to dismissal for failure to comply with Federal Rule of Civil Procedure 8, which requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted). DeFeo's Complaint does not contain a short, plain statement describing a cognizable legal claim. Indeed, the Complaint does little more than refer to its attachments, which do not "provide enough information to put [Defendant Eyre] on sufficient notice to prepare [his] defense and also ensure that the Court is sufficiently informed to determine the issue." *See Binsack v. Lackawanna Cty. Prison*, 438 F. App'x, 158, 160 (3d Cir. 2011) (per curiam) ("[Plaintiff's] voluminous exhibits, do not, without the required 'short and plain statement,' communicate the nature of his claim, and would, in any event, be insufficient to satisfy Rule 8(a).") For this reason, too, the Complaint is subject to dismissal.

The attachments also draw into question whether the claim would be time-barred, as they suggest that the entirety of the events giving rise to this claim occurred in 2012, seven years ago. The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, limitations period applicable to DeFeo's § 1983 claim, and to any legal malpractice claim arising under Pennsylvania law is two years.

5

he cannot cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

_____
C. DARNELL JONES, II, J.